UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                              §
                                    §
ZIZZO, JOHN                         §      Case No. 05-26273 ABG
                                    §
                                    §
        Debtor(s)                   §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that RONALD R. PETERSON, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
        CLERK OF THE U.S. BANKRUPTCY COURT
        KENNETH S. GARDNER
        219 S. Dearborn St.
        Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00 AM on 07/01/2013 in Courtroom 642,
        UNITED STATES BANKRUPTCY COURT
        219 S. Deaborn St.
        Chicago, IL  60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 05/13/2013                By: UNITED STATES BANKRUPTCY
                                           COURT
                                                                    Clerk

RONALD R. PETERSON
JENNER & BLOCK LLP
353 N. CLARK STREET
CHICAGO, IL 60654-3456

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
§
ZIZZO, JOHN § Case No. 05-26273 ABG
§
§
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: RONALD R. PETERSON | $ | $ | $ |
| Attorney for Trustee Fees: JENNER & BLOCK LLP | $ | $ | $ |
| Attorney for Trustee Expenses: JENNER & BLOCK LLP | $ | $ | $ |
| Accountant for Trustee Fees: Alan D. Lasko | $ | $ | $ |
| Other: Alan D. Lasko | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | Washington Mutual Finance<br>Portfolio Recovery Associates<br>PO Box 41067<br>Norfolk, VA 23541 | $ | $ | $ |
| 000003 | GE Consumer Finance For GE Money Bank dba WHITEHALL<br>P.O. Box 960061<br>Orlando, Florida 32896-0661 | $ | $ | $ |

Total to be paid to timely general unsecured creditors            $_____

Remaining Balance                                                 $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be

UST Form 101-7-NFR (5/1/2011) *(Page: 3)*

percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000004 | Capital One Services<br>Attn: Remittance Processing<br>P.O. Box 60000<br>Seattle, WA 98190-6000 | $ | $ | $ |
| 000005 | Capital One, F.S.B.<br>Attn: Remittance Processing<br>P.O. Box 34631<br>Seattle, WA 98124-1631 | $ | $ | $ |
| 000006 | GE CCCC<br>C/O Card Services<br>P.O. Box 276<br>Dayton, OH 45401 | $ | $ | $ |
| 000007 | Pinnacle Holdings, Inc.<br>915 North 52nd Street<br>Phoenix, AZ 85008 | $ | $ | $ |
| 000008 | Wells Fargo Bank<br>PO Box 29746<br>MAC 54018-015<br>Phoenix, AZ 85038-9746 | $ | $ | $ |
| 000009 | Advanta Bank Corporation<br>Payment Processing<br>5300 Oakbrook Pkwy.<br>Bldg. 300 Suite 300<br>Norcross, GA 3093-2254 | $ | $ | $ |
| 000010 | Best Buy<br>c/o Southwest Credit Card Service<br>2950 South Gessner #205<br>Houston, TX 77063 | $ | $ | $ |
| 000011 | Crown Asset Management<br>c/o Weltman, Weinberg & Reis<br>323 W. Lakeside #200<br>Cleveland, OH 44113-1099 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000012 | Capital One, F.S.B.<br>Attn: Remittance Processing<br>P.O. Box 34631<br>Seattle, WA 98124-1631 | $ | $ | $ |
| 000013 | Citibank South Dakota, N/A Mastercard<br>c/o Plaza Associates<br>370 Seventh Avenue<br>New York, NY 10001 | $ | $ | $ |
| 000014 | eCAST Settlement Corporation assignee of HSBC Bank Nevada NA / HSBC Card Services III<br>POB 35480<br>Newark NJ 07193-5480 | $ | $ | $ |

Total to be paid to tardy general unsecured creditors    $_____

Remaining Balance    $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Ronald R. Peterson_____
                                                    Trustee

*RONALD R. PETERSON*
*JENNER & BLOCK LLP*
*353 N. CLARK STREET*
*CHICAGO, IL 60654-3456*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.